# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 12 |
| CKB LANDSCAPE & CONSTRUCTION, INC., : | |
| : | CASE NO. 12-50266 |
| Debtor : | |

## CHAPTER 12 PLAN

COMES NOW, CKB Landscape & Construction, Inc., Debtor, and proposes the following Plan of Reorganization to all its known creditors.

### ARTICLE I

### DEFINITIONS

The definitions contained in Section 101 of the Bankruptcy Code are incorporated into this Plan except as modified in this Article. The following terms and abbreviations, when used in the Plan shall have, unless the context otherwise requires, the following meanings:

1.1     Allowed Claim:  A claim enforceable against the Debtor or property of the Debtor under 11 U.S.C. § 502 or a claim, interest, or request for payment allowed or awarded under 11 U.S.C. §§ 502, 503, 505, 506 and/or 507 of the Bankruptcy Code.

1.2     Allowed Priority Claim:  An allowed claim against the Debtor, which is enforceable against the Debtor or enforceable against property of the Debtor under § 507 of the United States Bankruptcy Code.

1.3     Allowed Secured Claim:  The amount of each allowed claim against the Debtor which is equal to the amount stipulated as constituting the allowed secured claim between the Debtor and the holder of such claim, or the lesser of: (1) the total amount of the indebtedness owed by the Debtor to the holder of such claim; and (2) the value of any property of the estate with

respect to which such creditor holds a security interest not avoidable by the Debtor, to the extent provided under 11 U.S.C. § 506.

1.4    Allowed Unsecured Claim:  Allowed unsecured claim means all allowed claims against the Debtor which are not allowed secured claims or allowed priority claims, including, but not limited to, claims of creditors who have supplied goods or services to the Debtor, creditors with claims arising from the rejection of executory contracts, and creditors with deficiency claims.

1.5    Assets:  All the assets of the estate of the Debtor, including, but not limited to, causes of action of the Debtor or Debtor-in-Possession based on bankruptcy law, non-bankruptcy law, or equity.

1.6    Chapter 12:  Chapter 12 of the United States Bankruptcy Code.

1.7    Chapter 12 Case:  Chapter 12 Case shall mean the case for reorganization of the Debtor commenced by a voluntary petition under Chapter 12 of the Bankruptcy Code on February 6, 2012, now pending in this Court and styled In re:  CKB Landscape & Construction, Inc., Case No. 12-50266.

1.8    Confirmation:  Confirmation means the entry by the Court of any Order confirming the Plan in accordance with Chapter 12 of the Bankruptcy Code.

1.9    Court:  Court means the United States Bankruptcy Court for the Middle District of Georgia, Macon Division, acting in this case and/or the United States District Court for the Middle District of Georgia.

1.10    Debtor and Debtor-in-Possession:  CKB Landscape & Construction, Inc.

1.11    Deficiency Claim:  The extent to which any holder of an allowed claim is owed an allowed unsecured claim above the amount of its allowed secured claim after treatment of such allowed secured claim as provided in this Plan, to the extent as provided in 11 U.S.C. § 506, or the

amount by which the holder of an allowed secured claim is owed amounts by the Debtor after repossession, foreclosure, and sale of collateral, to the extent such claim is enforceable against the Debtor under applicable non-bankruptcy law.

1.12     Effective Date: Effective date for purposes of this Plan means the date the Order confirming this Plan becomes final and non-appealable with no appeal pending, or if an appeal is filed, the date on which the Order affirming confirmation becomes non-appealable.

1.13     Hoogstad Case: Hoogstad Case shall mean the chapter 12 case filed by Keith Hoogstad, owner of Debtor, case no. 12-50265, United States Bankruptcy Court, Middle District of Georgia.

1.14     Post-confirmation: Post-confirmation means the period of time after confirmation.

1.15     Post-petition: Post-petition means any date on or after February 6, 2012, through confirmation.

1.16     Pre-petition: Pre-petition means that period of time preceding February 6, 2012.

1.17     Schedules: Schedules shall refer to the schedules of assets and liabilities filed in the bankruptcy case by Debtor.

1.18     Trustee: Trustee shall refer to Walter W. Kelley, or such other duly authorized and appointed Chapter 12 trustee of Debtor.

## ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTEREST

2.1     Class 1 shall consist of allowed priority claims for post-petition and post-confirmation fees and expenses of administration for professional persons retained pursuant to

orders of the Court for which applications for allowance of administrative expense claims are filed, and as the same are allowed by the Court under Section 503(b) of the Bankruptcy Code.

2.2     Class 2 shall consist of allowed priority claims for post-petition transactions and debts arising in the normal course of business of Debtor allowed under Section 503(b) of the Bankruptcy Code, and allowed priority claims of the trustee.

2.3     Class 3 shall consist of allowed priority claims not included in Classes 1 and 2. This class shall include such claims in the Hoogstad Case.

2.4     Class 4 shall consist of any allowed secured claim held by Certus Bank collateralized by real estate. This class shall include the Certus claims in the Hoogstad Case.

2.5     Class 5 shall consist of any allowed secured claim held by the United States Small Business Administration ("SBA") collateralized by a second mortgage on 29.955 acres.

2.6     Class 6 shall consist of the allowed secured claims, if any, of creditors holding judgment liens.

2.7     Class 7 shall consist of all allowed unsecured non-priority claims against the Debtor.

2.8     Class 8 shall consist of the equity interests of the Debtor's owner.

## ARTICLE III

### TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

3.1     Claims in Class 1 (administrative professional) shall be paid in cash in full, when awarded by the Court, or in such other manner as each member of said class shall agree in writing, when awarded by the Court.

3.2     Claims in Class 2 (administrative expense – non professional), to the extent allowed, shall be paid in the normal course of business or on such terms as shall be or have been agreed by

such creditors and Debtor, and no claims, applications, or Orders shall be necessary for the payment of such claims.

3.3     Claims in Class 3 (non-administrative priority/joint treatment for this case and the Hoogstad Case), to the extent allowed, shall be settled and satisfied by payment in full in 5 equal annual installments payable on December 31st of each year, commencing on the first such date following the Effective Date. The pre-petition ad valorum tax claim in this class totals $18,831.20. Annual payments will be $3,766.29.

3.4     The claims in Class 4 (Certus Bank/joint treatment for this case and the Hoogstad Case), if any and to the extent allowed, shall be settled and satisfied as follows: Debtor will sell 75 acres fronting on Taylor's Mill Road for a minimum of $3,000.00 per acre. The 75 acres consist of 10 acres (Crawford county map no. C103-071), 29.96 acres (Peach county map no. 023-026), and 35.04 of the 62.27 acres on Peach county map no. 023-025. Debtor will retain the balance of approximately 57 acres, which include the shop and office (the "Retained Collateral").

    a.)     The claim secured by a first lien on the retained collateral having a value of $380,000.00, shall be repaid in 60 equal semi-annual amortized installments of principal and interest payable on December 31st and June 30th of each year, with interest calculated at 4.5% per annum, commencing on the first scheduled date following the Effective Date. The payment amount will be $11,603.42.

    b.)     The Class 4 claimant will retain its liens to the extent of the value stated above.

    c.)     Any balance of the Class 4 claim above $380,000.00 shall be treated as unsecured under Section 3.9 of the plan.

    d.)     In the event of an objection to this treatment by the Class 4 creditor, the Court shall determine the value of the secured claim before the hearing on confirmation

and such determination may be higher or lower than the value proposed in paragraph (a) above. The amount so determined shall be amortized over the longest term and lowest interest rate determined by the Court to be in compliance with 11 U.S.C. § 1225.

3.5    The claims in Class 5 (SBA), if any and to the extent allowed, shall be settled and satisfied as follows:

    a.)    In the absence of objection by a Class 5 claimant, claims in this class shall be voided and treated as unsecured claims under Section 3.7 of this plan.

    b.)    Upon objection to confirmation by a Class 5 claimant, any secured claims in this class found to exist by the Court at the hearing on confirmation will be repaid in 10 equal annual installments of principal and interest, with interest calculated at the rate of 6.0% per annum, commencing on December 31, 2013. The Class 5 claimant will retain its liens to the extent the Court finds that they have value. Any balance of the Class 5 claim above the values defined by the Court shall be treated as an unsecured creditor under Section 3.7 of the plan.

3.6    The claims in Class 6 (non-consensual liens), if any and to the extent allowed, shall be settled and satisfied as follows:

    a.)    In the absence of objection by a Class 6 claimant, claims in this class shall be voided and treated as unsecured claims under Section 3.7 of this plan.

    b.)    Upon objection to confirmation by a Class 6 claimant, any secured claims in this class found to exist by the Court at the hearing on confirmation will be repaid in 60 equal semi-annual installments of principal and interest payable on June 30th and December 31st o each year, with interest calculated at the rate of 4.5% per annum,

commencing on the first such date following the Effective Date. The Class 6 claimant will retain its liens to the extent the Court finds that they have value. Any balance of the Class 6 claim above the values defined by the Court shall be treated as an unsecured creditor under Section 3.7 of the plan.

3.7     The claims in Class 7 (general unsecured without priority), to the extent allowed, shall be settled and satisfied by payment of disposable income for the three years following confirmation, but not less than the lesser of (1) the total equity shown under Article X or (2) the total allowed Class 7 claims. Such sum shall be paid in three equal installments, without interest, commencing on December 31, 2013.

3.8     The Debtor's owner shall retain his Class 8 ownership interest.

## ARTICLE IV

### SOURCE OF PLAN PAYMENTS AND METHOD OF PAYMENT

4.1     All payments due under this Plan shall be made from the operation of the Debtor's business and/or the liquidation of its assets, or from loans or gifts to the Debtor.

4.2     All payments to any class that is not either paid in full on the effective date or paid in accordance with the pre-petition loan documents will be made by the Debtor directly to the trustee on the date by cashier's check or certified funds. Commission payments to the trustee, to the extent payable under law, shall be made concurrently with the Debtor's payments.

## ARTICLE V

### REJECTION OF EXECUTORY CONTRACTS

5.1     All executory contracts and leases shall be rejected unless assumed or prior to confirmation, or unless a motion to assume is filed by Debtor prior to confirmation.

## ARTICLE VI

## EVENTS OF DEFAULT

6.1     The occurrence of any of the following shall constitute an event of default:

(a)     the failure by the Debtor to make the payments as provided for in this Plan; and

(b)     the failure by the Debtor to comply with any covenant or agreement set forth in the Plan.

## ARTICLE VII

## OPERATION OF BUSINESS AND EFFECT OF CONFIRMATION

7.1     The Debtor shall be the Debtor-in-Possession with full and complete power to conduct the farming operation, control, and possession of its property and assets, and the Debtor shall retain all rights and powers provided by 11 U.S.C. § 1203 until the closing of the case. After confirmation, the Debtor may employ Katz, Flatau & Boyer, L.L.P. as required by legal counsel. The Debtor shall prepare and file all necessary tax returns, and the trustee shall have no responsibility for preparation of tax returns.

7.2     The effect of confirmation shall be in accordance with 11 U.S.C. § 1227. Title to the Debtor's property shall revest in the Debtor upon confirmation of the Plan, subject to any liens retained by creditors hereunder. Holders of allowed secured claim shall retain their liens up to the fair market value of its collateral securing said claims, subject to the provisions of the Plan. For purposes of this Plan, fair market value shall be as set forth in the Plan, unless otherwise provided by agreement or Court Order.

7.3     Upon payment of the amount provided by the Plan for any allowed secured claim, the lien upon the Debtor's property securing said claim shall be canceled, and any creditor holding a lien shall execute all documents as are necessary to cancel such lien.

7.4        The Order of confirmation shall constitute a judgment avoiding any lien, consensual or otherwise, whether by way of security deed, trust deed, mortgage, security agreement, judgment, operation of statute, or otherwise to the extent that the lien does not attach to value in collateral, as such value is set out in this Plan or otherwise determined by the Court.

## ARTICLE VIII

### CLOSING OF THE CASE AND DISCHARGE

8.1        The case may be closed within three years and upon full satisfaction of all Debtor's obligations under Section 3.7 of this plan. Prior to closing, the Debtor shall have an accounting to the trustee for payments in accordance with the Plan. The Debtor shall be discharged from pre-petition claims, except to the extent this Plan provides for treatment of such claims thereafter. The closing of the case shall terminate the bankruptcy estate and the services of the trustee.

## ARTICLE IX

### MISCELLANEOUS PROVISIONS

9.1        Until all claims and disputes have been allowed and resolved, this Court will retain jurisdiction for, including but not limited to the following purposes:

- a.)    the classification of any claim of any creditor and the re-examination of claims which have been allowed, and determination of objections as are filed to creditor's claims;

- b.)    termination of all questions and disputes regarding title to, security interests in, liens against, assets of the estate, and determination of all causes of action, controversies, disputes, or conflicts, whether or not subject to action pending as of confirmation, between the Debtor or Debtor-in-Possession and any other party (including creditors of Debtor dealt with under this Plan), including but not limited to, any right of the

        Debtor to recover assets or money pursuant to the provisions of the United States Bankruptcy Code or applicable non-bankruptcy law;

c.) the correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the Order for confirmation as may be necessary to carry out the purpose and intent of this Plan;

d.) the modification of this Plan after confirmation at any time after confirmation;

e.) to enforce and interpret the terms and conditions of this Plan;

f.) entry of any Order, including injunctions, necessary to enforce the title, rights, and titles of the Debtor or Debtor-in-Possession;

g.) entry of an Order including and terminating this case.

9.2      Notwithstanding any of the provisions of the Plan specifying a date or time for the payment or distribution of consideration hereunder, payments and distributions by the Debtor or trustee in respect of any claim which at such date or time is disputed, unliquidated, or contingent shall not be made until such claim or interest becomes an allowed claim.

9.3      The Debtor may propose amendments or modifications to this Plan at any time prior to or subsequent to confirmation, pursuant to the United States Bankruptcy Code and applicable bankruptcy procedure, or if the filed claims by creditors are materially different from the claims reflected on the Debtor's schedules.

9.4      The Debtor may prepay any obligations under the Plan without penalty or charge of unaccrued interest.

9.5      The debtor and trustee expressly preserve any and all claims, objections, defenses, set-offs, counterclaims, or the like which the debtor may have had or may have against the holder of any claim or arising out of or related to any claim, and any and all such claims, objections, defenses,

set-offs, counterclaims, or the like of the debtor shall survive confirmation and consummation of the Plan.

## ARTICLE X

## LIQUIDATION ANALYSIS

10.1      In the event the instant case had been a case under Chapter 7, the holders of unsecured claims would not receive a dividend. Debtor's schedules reflect no equity in assets.

## ARTICLE XI

## FEASIBILITY ANALYSIS

The Plan provides for the following approximate payment schedule to secured claimants after the payment of all other claims from the liquidation of assets and the debtor will be able to make these payments.

| NAME | APPROXIMATE ANNUAL PAYMENTS UNDER THIS PLAN |
|---|---|
| Class 1 | $ -0- |
| Class 2 | -0- |
| Class 3 | 3,766.29 (joint with Hoogstad Case) |
| Class 4 | 23,206.84 (joint with Hoogstad Case) |
| Class 5 | -0- |
| Class 6 | -0- |
| Class 7 | -0- |
|  | 26,973.13 |
| Trustee's commission | 2,997.01 |
| TOTAL | $29,970.14 |

WHEREFORE, CKB Landscape & Construction, Inc., Debtor, respectfully requests that the Plan of Reorganization filed herein be confirmed.

        KATZ, FLATAU & BOYER, L.L.P.
        By:

        */s/Wesley J. Boyer*_____
        WESLEY J. BOYER
        State Bar No. 073126
        Attorney for Debtor
        355 Cotton Avenue
        Macon, Georgia 31201
        (478) 742-6481

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the

CHAPTER 12 PLAN

upon the following:

Walter W. Kelley, Esq.
Post Office Box 70849
Albany GA 31708

via the court's electronic notification system this 4th day of May, 2012.


/s/Wesley J. Boyer_____
WESLEY J. BOYER